UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

**Richard W. Comerford**
  Plaintiff,

  Vs.

**Carl C. Chun**
  Defendant,

Civil Action No.

05-11731 WGY

Referred to MJ JL Alexander

**COMPLAINT**

I.   INTRODUCTION

The defendant or his representative have informed both plaintiff and his Members' of Congress that plaintiff had been purportedly discharged Active Guard and Reserve ("AGR") duty in 1994 and that a copy of said discharge certificate had been purportedly mailed to him. However neither plaintiff nor the U.S Department of Veterans Affairs nor the State Department of Veterans has received copies of said purported discharge certificate pursuant to federal statue 10 USC 1168 which governs the separation of soldiers from AGR duty. The defendant has ignored plaintiff's lawful requests pursuant to the Freedom of Information and Privacy Acts (5 USC 552/5 USC 552a) and 10 USC 1168 (Separation of Members from Active Duty) and 10 USC 1556 (Ex Parte Communications Prohibited In the Correction of Military Records) to provide plaintiff with a copy of the purported DD form 214 separating plaintiff from AGR duty.

## II. JURISDICTION

This court possesses subject matter jurisdiction pursuant to the Freedom of Information and Privacy Acts (5 USC 552/5 USC 552a) and 10 USC 1168 (Separation from Active Duty) and 10 USC 1556 (Ex Parte Communications Prohibited).

## III. PARTIES

1. Plaintiff is a United States citizen who resides at 9 Speedwell Lane, Plymouth, Massachusetts.

2. Defendant Carl C. Chun is the Director, Army Board for Correction of Military Records ("ABCMR") located at 1901 South Bell Street 2nd Floor, Arlington, Virginia 22202-4508. He is sued in his personal and official capacities.

## IV. VENUE

Venue is properly in this court by virtue of plaintiff's residence in the District of Massachusetts.

## V. FACTS

1. I, Richard W. Comerford, the plaintiff pro se, state under the penalty of perjury as attested by my signature below that the following facts are true to the best of my knowledge and memory as of the date of said signature.

2. Plaintiff qualified for retirement from military active duty pursuant to 10 USC 3911 on or about October 1992.

3. Plaintiff was injured in the line of duty rescuing a comrade on or about August 1993 while serving on Active Guard and Reserve ("AGR") duty pursuant to 32 USC 502 (f) as the Commandant of a Recondo School while assigned to the Massachusetts National Guard ("Guard"). (Note: AGR duty is performed pursuant to 32 USC 502 (f) and AR 135-381 for the purposes of proving training, recruiting, administrative and instruction support to the Guard and Reserve. Officers on AGR duty serve initially for a three year period and then for an "indefinite" thereafter until they have reached 20 years and one month service of combined active and AGR service at which time they are evaluated for retention or retirement from active duty pursuant to 10 USC 3911.)

4. Plaintiff was certified as "incapacitated" by his commander on or around July 1994.

5. The U.S. Army Inspector General ("IG") in a report dated 7 February 1996 found: a) Plaintiff had been injured in the line of duty while serving on active duty in August 1993; b) Plaintiff's superiors had improperly denied plaintiff's entitled active duty medical care in violation of Army Regulations; c) Plaintiff's superiors had improperly stopped plaintiff's entitled active duty pay in July 1994 in violation of Army Regulations; d) Plaintiff's superiors had improperly conducted the line of duty investigation into plaintiff's injury and had failed to report that plaintiff had been injured in the line of duty while serving on active duty. The IG

4

recommended that plaintiff receive pay and medical care be placed on active duty. The Guard ignored both the IG's findings and recommendations.

6. On or around 11 April 1997 the Guard Staff Judge Advocate ("SJA") wrote to the Guard Personnel director and stated that he and the Guard State Surgeon had found: a) Plaintiff had been injured in the line of duty; b) Plaintiff should be referred to a medical evaluation board with a probable follow on referral to a physical evaluation board.

7. On or around 25 April 1997 a Guard medical duty review Board ("MDRB") found: a) Plaintiff had been injured in the line of duty in August 1993; b) Plaintiff had not been medically fit for duty since May 1994; c) Plaintiff was not presently medically fit for continued service; d) Plaintiff's case should be referred to Army medical and physical evaluation boards ("MEB/PEB") for medical retirement.

8. Pursuant to an arbitration agreement plaintiff applied for "relief" to the ABCMR on or around 1999. *See C.A. No 99-11712-WGY.*

9. On or around November 2001 the Secretary of the Army ordered that plaintiff's AGR service be recognized and credited to his service record. The Secretary did not recommend that plaintiff be discharged from AGR duty.

10. However defendant Chun, who had unlawfully conducted ex parte communications with the Guard regarding plaintiff's AGR service in violation of 10 USC 1556, refused to comply with the Secretary's lawful order and did not credit plaintiff for his AGR service on his service record. Instead defendant Chun falsely and fraudulently, in order to cover up his unlawful ex parte

communications, claimed that plaintiff had purportedly been discharged from AGR duty in 1994.

11. Plaintiff and his Members of Congress have made repeated lawful requests to defendant Chun for a copy of the purported DD Form 214 separating plaintiff from AGR duty.

12. Neither plaintiff nor his Members of Congress nor the U.S Department of Veterans Affairs nor the State Department of Veterans have received a copy of the purported discharge certificate separating plaintiff from AGR duty in response to plaintiff's lawful requests for same. (Note: Pursuant to statute - 10 USC 1168 and federal regulation - 32 CFR 45 (Exhibit "H") a soldier cannot be separated from active or AGR duty until his discharge certificate [DD Form 214] is "physically delivered" to him at the separation point on the effective date of discharge; or in the event of an "emergency" the DD Form 214 can be mailed to him on the effective date of discharge. Pursuant to the aforementioned statue and regulation a copy of the DD Form 214 must also be provided to both the federal and State VA. Also pursuant to statute - 10 USC 1556 the ABCMR is prohibited from conducting ex parte communications to include telephone and face to face conversations during the process of correcting a soldier's record)

## VI Prayer for Relief

**WHEREFORE, plaintiff respectfully requests that this Honorable Court**

(1) Enter an order:

   a. Enjoining the defendant from engaging in the wrongful practices alleged herein

    b. Enjoining the defendant to comply with federal statute 10 USC 1168 and provide plaintiff and his Members of Congress and the U.S Department of Veterans Affairs and the State Department of Veterans Affairs with a copy of the purported DD Form 214 separating plaintiff from AGR duty; or, in the alternative to enjoin the defendant to state plainly in a letter to plaintiff and his Members of Congress that the purported DD Form 214 separating plaintiff from AGR duty does not exist and that plaintiff has not been discharged from AGR duty.

    c. Enjoining the defendant to comply with the law - federal statute 10 USC 1556, and provide plaintiff and his Members of Congress with a copy of all ex parte communications to include written summaries of telephone conversations between defendant Chun, the staff of the ABCMR and the ABCMR itself and the Massachusetts National Guard, the National Guard Bureau, the U.S. Departments of the Army, Defense and Veterans Affairs and their agents and officers or any other party concerning or relating to plaintiff's service on and purported discharge from AGR duty at any time from 1999 to the present; and in the future to provide a copy to plaintiff of all communications between the ABCMR its employees and officers and any other party concerning or relating to plaintiff's service on or discharge from AGR duty.

(2) Enter a declarative judgment that the defendant Mr. Chun or his representative made a false and fraudulent statement to plaintiff and plaintiff's Members of Congress when they falsely claimed that the Secretary of the Army had ordered plaintiff

discharged from AGR duty and that plaintiff had been sent a copy of his purported discharge certificate (DD Form 214) discharging him from AGR duty.

(3) Enter a declarative judgment that the defendant Mr. Chun or his representative unlawfully conducted ex parte communications concerning plaintiff's AGR service and his purported discharge from said service in violation of federal statute 10 USC 1556.

(4) Enter a judgment against the defendant for plaintiff's costs plus reasonable pro se fees.

(5) Grant such other and further relief, as it deems just and meet.

Plaintiff respectfully requests trial by jury.

Respectfully submitted this 2nd day of August 2005 AD,

Richard W. Comerford Pro See
9 Speedwell Lane
Plymouth, Massachusetts 02360
(508) 833-9396